IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LEROY DEXTER CAIN,
    Plaintiff,

v.                                                                        Civil Action No. 3:21cv566

TONYA CHAPMAN, et al.,
    Defendants.

**MEMORANDUM OPINION**

Leroy Dexter Cain, a Virginia inmate proceeding *pro se* filed this 42 U.S.C. § 1983 action. By Memorandum Order entered on March 30, 2022, the Court directed Cain to file a particularized complaint. (ECF No. 6.) Cain filed a particularized complaint. (ECF No. 7.) The matter is now before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Cain's claims and the action will be dismissed without prejudice for failure to state a claim and as legally frivolous.

**I. PRELIMINARY REVIEW**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines that the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see also id.* § 1915A(b)(1). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of

defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a court accepts the plaintiff's well-pleaded allegations as true and views the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff cannot satisfy this standard with a complaint containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," rather than merely "conceivable." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). To survive dismissal for failure to state a claim, a plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281

(4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. PROCEDURAL HISTORY, CAIN'S ALLEGATIONS AND CLAIMS

Much like his initial complaint, Cain's particularized complaint is rambling and difficult to decipher, and the Court struggles to divine the claims he intends to raise. Cain names as defendants: Tonya Chapman, the Chairwoman of the Virginia Parole Board ("VPB"); Harold W. Clarke, the Director of the Virginia Department of Corrections ("VDOC"); Donna Shifflett, Head of Court and Legal Services; Kelly Thomasson, the former Secretary of the Commonwealth; Ralph Northam, the former Governor of Virginia; and Mark R, Herring, the former Attorney General of Virginia. (ECF No. 7, at 1–2.)[1] Cain previously filed a petition for writ of habeas corpus related to the facts alleged in this case. *See Cain v. Clarke*, No. 3:16cv267, 2017 WL 3841882, at *3–5 (E.D. Va. Sept. 1, 2017). As the Court noted in its March 30, 2022 Memorandum Order, it is "unclear why [the p]laintiff believes he can now bring these claims in a § 1983 complaint." (*See* ECF No. 6, at 2 n.2.)

To better understand the claims set forth in Cain's particularized complaint, the Court reviewed the record in *Cain v. Clarke*. In the Court's September 1, 2017, Memorandum Opinion denying his § 2254 petition in that case, the Court cited the background for Cain's claims as follows:

> [Cain] was released from custody on parole in November 2008 after serving nearly 21 years of a 39–year sentence for attempted robbery with use of a firearm and

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, punctuation, and capitalization in the quotation from Cain's submissions.

3

three counts of armed robbery. [Cain] was then arrested in March 2010 and charged with robbery and malicious wounding, among other crimes. [H]e pleaded guilty on April 12, 2011, to a number of offenses and received a 45–year sentence, with 37 years suspended, resulting in an active sentence of eight years.

After pleading guilty, he was brought back into detention and received notice of a parole violation hearing to be held on May 13, 2011. [Cain] claims this hearing never occurred. The Virginia Parole Board (the "Board") has searched its records and has not found any evidence of a parole hearing for Petitioner on this date. The Board does not admit that the hearing never occurred; only that they do not have sufficient evidence of the hearing in their records. So out of an abundance of caution, the Board scheduled another revocation hearing for April 10, 2012. This hearing *did* take place, [Cain]'s parole was revoked because of his recent convictions, and the unserved sentence from his original convictions was reinstated.

*Cain*, 2017 WL 3841882, at *1–2 (citing § 2254 Pet. 19–20.)

In his § 2254 petition, Cain raised the following claims for relief:

| | |
|---|---|
| Claim One: | In revoking Cain's parole, the Virginia Parole Board ("VPB") failed to provide the minimum process required by the Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471 (1972). (§ 2254 Pet. 13.) |
| Claim Two: | Cain's rights were violated when the VPB revoked Cain's 17 years, 11 months, and 4 days of good conduct time without affording Cain any due process. (*Id.*) |
| Claim Three: | The Commonwealth breached a verbal agreement made to Cain not to revoke his release on mandatory parole and 17 years, 11 months, and 4 days of earned good conduct time in exchange for his pleas of guilty to the new charges. (*Id.*) |
| Claim Four: | The VPB violated Cain's right to equal protection and fair warning that his earned good conduct time credits would be revoked if he violated the conditions of his parole. (*Id.*) |

*Id.* at *1. The Court found that each of these claims lacked merit. *See id.* at *2–5. The United States Court of Appeals for the Fourth Circuit dismissed Cain's appeal. *See Cain v. Clarke*, 712 F. App'x 318 (4th Cir. 2018). This Court concludes that Cain attempts to raise each of these claims, or portions of these claims, again in his particularized complaint. (*See* ECF No. 7, at 1–10.) First, none of these claims are available by way of § 1983. *Heck v. Humphrey*, 512 U.S. 477,

4

486 (1994) ("civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments"); *see Williams v. Consovoy*, 453 F.3d 173, 177 (3rd Cir. 2006) (explaining that "success on his § 1983 action would 'necessarily demonstrate' the invalidity of the Parole Board's decision to revoke his parole, which would in turn render his § 1983 action uncognizable under *Heck*" (citing *White v. Gittens*, 121 F.3d 803, 807 (1st Cir. 1997); *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997))). Second, the Court has already determined that these claims lack merit, and Cain offers nothing new to change that decision. The Court will not rehash its earlier decision. Accordingly, to the extent that Cain argues anything pertaining to the revocation of his parole or the revocation of his good conduct time, the Court will not consider it here.

The only new allegations in the particularized complaint stem from events beginning on January 10, 2018 and pertain to Cain's attempt to obtain a conditional pardon. Cain alleges as follows:

> On January 10, 2018, [the] plaintiff applied for conditional pardon based concerning [sic] his sentence on how his due process rights had been violated. [The p]laintiff was notified on January 16, 2018, of missing the Virginia Pardon Petitioner Questionnaire form. *See* Plaintiff's Exhibit "C" attached.
> On June 7, 2021, plaintiff received a response back concerning his [c]onditional [p]ardon from the Secretary of the Commonwealth in which they denied his application for conditional pardon because [the] plaintiff were [sic] eligible for parole. *See* Plaintiff's Exhibit "D" attached.

(ECF No. 7, at 10.) Cain reargues allegations from his § 2254 petition and insists that under the "ex post facto clause" he was improperly denied parole at some unidentified time. (*Id.* at 10–13.)

Although it is truly unclear what Cain intends to argue outside of what he already raised in his § 2254 petition, the Court generously construes Cain to raise the following two new claims:

    Claim One:    Defendants improperly denied Cain parole.

    Claim Two:    Defendants improperly denied Cain a conditional pardon.

5

## III. ANALYSIS

### *A. Claim One is Untimely*

In Claim One, Cain contends that the defendants improperly denied him release on parole. It is unclear when the VPB last reviewed Cain's parole eligibility status or exactly what decision that Cain is challenging. From a review of his particularized complaint, Cain does not allege any violation of his rights by the VPB within the last two years. Cain states that he was found ineligible for parole in 2008 and 2012, and eligible for parole in 2018. (*See* ECF No. 7–1, at 1–3, 6.) Any challenge to those decisions, whether under the Due Process Clause or the Ex Post Facto Clause, is untimely.

Because 42 U.S.C. § 1983 does not provide its own statute of limitations, the courts borrow the personal injury statute of limitations from the relevant state. *See Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc) (citing *Wilson v. Garcia*, 471 U.S. 261, 266–69 (1985)). Virginia applies a two-year statute of limitations to personal injury claims. *See* Va. Code Ann. § 8.01–243(A) (West 2022). Thus, Cain would have had two years from when he learned that he was ineligible for parole in 2008 or 2012 to file any claims pertaining to the determination that he was ineligible for parole. *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261–62 (11th Cir. 2003). Each occasion thereafter that the Parole Board or the Defendants adhered to that parole ineligibility determination does not constitute separate and distinct injury that warrants separate statute of limitations calculations. *Id.* To the extent Cain raises a challenge to those decisions, Cain did not file the present action until around September 1, 2021. Nothing in the record suggests any proper basis to toll the limitations period. Thus, Cain's claims pertaining to the determination that he was ineligible for parole in 2008 and 2012 or any time prior to September 1, 2019, are barred by the statute of limitations. *See Brown*, 335 F.3d at 1261.

It is also unclear what Cain is challenging with respect to the August 13, 2018 letter that he received from the VPB. The letter indicates that the VPB "reviewed [his] case with regard to [his] parole ineligible status in accordance with the provision of Virginia Code Section 53.1–151 and . . . determined [him] to be eligible for discretionary parole consideration." (ECF No. 7–1, at 6.) The letter notes that his good time credit would be re-computed and he would be "scheduled for a discretionary parole interview." (*Id.*) Thus, it appears that Cain was found eligible for parole, and he fails to identify how this decision violates his due process rights. Nevertheless, to the extent that he raises a due process challenge to this decision, his challenge is barred by the statute of limitations because it occurred before September 1, 2019. Cain identifies no violation of his due process rights with respect to parole eligibility that occurred within the last two years.

Accordingly, Claim One will be DISMISSED for failure to state a claim for relief and as legally frivolous.

### *B. Claim Two*

In Claim Two, Cain argues that the defendants erred when they denied him a conditional pardon. Cain seemingly suggests that this violates the Due Process Clause[2] and the Ex Post Facto Clause.[3] As a preliminary matter, "it is well-established that prisoners have no constitutional or fundamental right to clemency." *Joubert v. Neb. Bd. of Pardons*, 87 F.3d 966, 968 (8th Cir. 1996) (citations omitted). As such, the inquiry could end here. Nevertheless, the Court turns to each of Cain's contentions.

---

[2] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[3] "No State shall . . . pass any . . . ex post facto Law . . . ." U.S. Const. art. I, § 10, cl. 1.

7

*1. Due Process Clause*

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *See Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 569–70 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected liberty or property interest. *See Beverati v. Smith,* 120 F.3d 500, 502 (4th Cir. 1997). Where government action impacts a protected liberty interest, the second step is to determine "what process is due" under the circumstances. *Morrissey v. Brewer,* 408 U.S. 471, 481 (1972) (observing that "due process is flexible . . . . not all situations calling for procedural safeguards call for the same kind of procedure").

A liberty interest may arise from the Constitution itself or from state laws and policies. *Wilkinson v. Austin,* 545 U.S. 209, 220–21 (2005). It is well-settled, however, that "noncapital defendants do not have a liberty interest in traditional state executive clemency, to which no particular claimant is *entitled* as a matter of state law." *Dist. Atty's Off. for the Third Jud. Dist. v. Osborne,* 557 U.S. 52, 67–68 (2009) (citing *Conn. Bd. of Pardons v. Dumschat,* 452 U.S. 458, 464 (1981)). "'Under Virginia law, the Governor has the sole discretion to grant requests for pardon and reprieve,' and neither the Constitution of Virginia nor the Code of Virginia imposes any limits on the exercise of the Governor's discretion." *Thomas v. Crown,* No. 7:21cv483, 2021 WL 5416607, at *2 (W.D. Va. Nov. 19, 2021) (citation omitted). Therefore, "there is no constitutionally protected interest in clemency in Virginia." *Id.* (citations omitted). Because Cain lacks a liberty interest in being granted a conditional pardon, the Due Process Clause is not implicated. Accordingly, Cain fails to state a claim for relief on this ground.

## 2. *Ex Post Facto Clause*

With respect to his challenge under the Ex Post Facto Clause, it is not clear what Cain intends to allege.[4] The Ex Post Facto Clause prohibits states from "pass[ing] any 'ex post facto Law.'" *Warren v. Baskerville*, 233 F.3d 204, 207 (4th Cir. 2000) (quoting U.S. Const. art. I, § 10, cl. 1). "As the constitutional text makes clear, the ex post facto prohibition applied to '*laws*.'" *Id.* (emphasis added) (citing *United States v. Ellen*, 961 F.2d 462, 465 (4th Cir. 1992); *Prater v. U.S. Parole Comm'n*, 802 F.2d 948, 951 (7th Cir. 1986) ("The constitutional prohibition against ex post facto laws . . . is directed to the legislative branch of government rather than to the other branches.")). Cain fails to explain, and the Court fails to discern, how the Ex Post Facto Clause would apply to the executive branch's decision to grant or to deny a conditional pardon.

Nevertheless, "[a]mong other things, th[e Ex Post Facto] Clause 'bar[s] enactments which, by retroactive operation, increase the punishment for a crime after its commission.'" *Burnette v. Fahey*, 687 F.3d 171, 184 (4th Cir. 2012) (last alteration in original) (quoting *Garner v. Jones*, 529 U.S. 244, 249–50 (2000)). "To state a claim for a violation of this provision, a plaintiff must plead facts showing the retroactive application of a new rule that 'by its own terms' or through 'practical implementation' creates a 'significant risk' of extending the period of incarceration to which he is subject." *Id.* (quoting *Garner*, 529 U.S. at 255). Assuming the Ex Post Facto Clause could apply to some unidentified change in determining who is eligible for a conditional pardon, Cain wholly fails to identify a new rule or any policy that creates a "significant risk" of extending his

---

[4] Cain's argument under this header pertains to decisions of the VPB prior to 2012, and the letter from the VPB that he cites to is dated 2018. (ECF No. 7, at 10–13; *see* ECF No. 7–1, at 6.) Once again, even if Cain had somehow alleged a valid Ex Post Facto claim based on some determination of the VPB pertaining to his parole eligibility, as explained in Claim One, any challenge would be barred by the statute of limitations. Nevertheless, the Court generously construes Cain to argue that the denial of his conditional pardon violated the Ex Post Clause, which would be his only timely claim.

9

incarceration. *See id.* Even if he had, the "fundamentally discretionary nature" of executive clemency precludes an inmate from satisfying this requirement. *Lewis-El v. Sampson*, 649 F.3d 423, 426 (6th Cir. 2011); *see also Snodgrass v. Robinson*, 512 F.3d 999, 1002 (8th Cir. 2008) (holding that the "unpredictability of a wholly discretionary grant of commutation" precluded the plaintiff from demonstrating that changes in commutation law created a significant risk of increasing the plaintiff's punishment). In sum, Cain fails to state a cognizable claim under the Ex Post Facto Clause. Accordingly, Claim Two will be DISMISSED for failure to state a claim and as legally frivolous.

## IV. CONCLUSION

For the foregoing reasons, Cain's claims and the action are DISMISSED for failure to state a claim and as legally frivolous. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 13 May 2022
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge